Tucker, Richard T., J.
This matter came on for hearing on the defendant City of Worcester’s motion for summary judgment. The City states that summary judgment is appropriate as there are no genuine issues of factual dispute and that it is entitled to judgment as a matter of law pursuant to G.L.c. 258, § 10(j) (the Massachusetts Tort Claims Act).
The plaintiff argues that the City is not entitled to the protection of § 10(j) of the Act as the City’s acts were the “original cause” of the plaintiffs injuries. After hearing, and upon careful consideration of the submissions of counsel, I find and rule as follows.
STATEMENT OF FACTS
On December 9, 2008, the plaintiff Anthony Dejesus (Anthony), a second grader at the Belmont Community School, Worcester, Massachusetts, exited a school bus and proceeded to the area known as the schoolyard to await entry to the building. At least one school employee was always present at the schoolyard to supervise the students. Some ice and snow was present on the schoolyard that morning. While waiting with other students, Dejesus was inadvertently pushed to the ground by another student who, in a game of tag, was attempting to avoid being tagged “it.” As a result, Dejesus suffered a fracture to his right wrist.
APPLICABLE STANDARDS
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
The defendant City of Worcester contends that pursuant to § 10(j) of G.L.c. 258, it is immune from liability as a matter of law and is entitled to summaiyjudgment in its favor. G.L. 258, §10(j) precludes a municipality’s liability for:
Any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.
In Kent v. Commonwealth., 437 Mass. 312, 318 (2002), the Supreme Judicial Court construed the “original cause” provision of §10(j) to require an affirmative act, not a failure to act by the public employer, that creates the “condition or situation” that results in the harm. Here the City further argues that claims alleging negligence on the part of a municipality for its failure to supervise or protect others from the tortious acts of third parties, as distinguished from the “affirmative acts” found in Kent, are not viable claims under G.L.c. 258, §10(j). In Kent the Supreme Judicial Court considered the shooting of a police officer by a man who had been paroled eight years prior. The Supreme *239 Judicial Court found that the board’s decision to parole the shooter could not be deemed the original cause of the officer’s injury. Id. at 318-19. The court reasoned that only those acts which materially contribute to create a specific condition or situation resulting in harm to another may be considered the “original cause” of the harm. Id. at 319.
In contrast to Kent, other decisions have imposed liability upon a municipality where the required material contribution to the harm element was found. In Bonnie W. v. Commonwealth, 419 Mass. 122 (1994), the Supreme Judicial Court found that the recommendation for employment in a trailer park of a known convicted rapist, which employment provided access to keys of all units within the park, was a materially contributing act to the sexual assault. Id. at 126-27. Similarly, the court found that the placement of an unstable mental patient in a rooming house that he subsequently set on fire was a materially act contributing to this harm. Onofrio v. Department of Mental Health, 408 Mass. 605, 607 (1990).
The plaintiffs and the defendant in the instant matter point to the recent decision of Gennari v. Redding Public Schools, 77 Mass.App.Ct. 762 (2011), as being precedential. In Gennari, a first grade student at a town elementary school was pushed by another student during a required recess period causing him to fall and strike his head on a protruding concrete bench. Id. at 762-64. The Appeals Court affirmed the lower court’s denial of summary judgment and rejected the contention that the school system was immune from liability under §100). The court found an affirmative act in the principal’s decision to hold recess in the concrete courtyard containing protruding concrete benches instead of in the less hazardous gymnasium or in another area. The motion judge’s decision, which the Appeals Court affirmed, was that the principal’s decision was an affirmative act that materially contributed to the plaintiffs harm and which was not so remote as a matter of law that the motion judge could not find it to be an “original cause” of the injury within the meaning of §100). Id. at 765.
The plaintiffs find the fact pattern of Gennari to be “uncannily similar” to the facts presented here, and argue that this court should follow its holding. The defendant City argues that Gennari is distinguishable in that therein the motion judge and the Appeals Court found that the principal acted affirmatively to contribute to the condition that caused harm to the plaintiff. Here, it is argued, there is no such affirmative act on the part of the City of Worcester; instead, it can only be argued that the City of Worcester failed to act.
On the motion record before me, I find that there is nothing upon which an affirmative act of the City of Worcester, causing or contributing to the harm of the plaintiff can be found. The City of Worcester’s inaction in failing to maintain and supervise its students more carefully is pleaded and would be a permissible finding by the fact finder if not for the immunity of §100). Although this somewhat technical distinction between school officials’ affirmative acts and failures to act produces a harsh result in this case, it is what the law mandates. Pursuant to the holdings in Kent and Gennari the inactions of the City of Worcester result in the City’s immunity from liability under G.L.c. 258, §100). Therefore, the City of Worcester’s motion for summary judgment must be allowed.
ORDER
The Motion of the City of Worcester for Summaiy Judgment is ALLOWED.